UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Ernest W. Vann,

                            Plaintiff,

                                                      **Hon. Hugh B. Scott**

                              v.

                                                          09CV385

                                                          Order

Fischer et al.,

                            Defendants.
_____

The plaintiff, Ernest W. Vann ("Vann") commenced this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated while incarcerated at the Wende Correctional Facility ("WCF"). Before the Court is the plaintiff's motion to compel discovery (Docket No. 21). Also before the Court is the defendants' motion for an extension of time to take the plaintiff's deposition (Docket No. 29).

**Background**

Vann has enumerated 11 claims in this complaint. In his First Claim, Vann alleges that he has been denied the right to practice his Native American religion because he has been denied dance bells, and a ceremonial blanket used in connection with his religious worship. (Docket No.

1, pages 7- 10). Vann states that he submitted a grievance with respect to his request for dance bells and a ceremonial blanket and was advised that the ceremonial blanket would be purchased but that it was up to the individual to purchase dance bells, which would then be the subject of a security review. (Docket No. 1 at page 10). Similarly, in this Second Claim, Vann maintains that he was improperly asked to pay for a butane lighter to be used by the Native American Group[1] "to smudge with for their prayers." (Docket No. 1 at page 11). The plaintiff asserts that the delay in providing the butane lighter and the request that he pay for the lighter constitute intentional religious discrimination. (Docket No. 1 at page 15). Vann's Third Claim is based upon the fact that he was instructed to remove the "big" locker used by the Native American Group to store the items used in their religious ceremonies and put them in a smaller locker. Some of the larger items (i.e. a drum and a pipe) would not fit in the smaller locker and the defendants advised Vann that these items would have to be stored in a back room with items from other groups. Vann argues that this is a violation of his religious rights because the sacred drum and pipe was no longer protected. (Docket No. 1 at page 22). He claims that the treatment of these items constitutes "intentional desecration of Native American Indian religious artifacts." (Docket No. 1 at page 23). Vann also claims that the search of the big locker by corrections officials was improper. (Docket No. 1 at page 22).

The Fourth Claim in the complaint revolves around Vann's attempt to sell candy as a fund raiser for the Native American Group. He wanted to order a case of candy, and then sell the candy to inmates to raise funds. Instead, he was told he would have to pre-sell the candy before

---

[1] Vann refers to the "Native American Group" in his complaint. It appears that this is comprised of a group of inmates who participate in the Native American religious worship with the plaintiff.

the case of candy was ordered. Vann suggests that other religious groups, such a Muslims, do not have to pre-sell candy for such fund raising efforts. (Docket No. 1 at page 24-26). The plaintiff acknowledges that he was advised that WCF had implemented a pre-sale procedure that applied to all inmate groups in fund raising activities. (Docket No. 1 at page 27). After being informed of this requirement, Vann states that he attempted to convert the Native American Group from a fund raising group to a "fulltime religious group." As the basis for his Fifth Claim, Vann asserts that the first form he submitted in this regard was lost and that he was "ignored every time [he] inquired about [the] application to return to a fulltime religious group. (Docket No. 1 at page 28). The plaintiff's Sixth Claim is that Deacon Gordon Steinagle, the Catholic Chaplain at WFC, "stole" money from the Native American account by ordering improper items (apparently without the permission of the Native American Group members). (Docket No. 1 at pages 29-32). As for his Seventh Claim, Van states that on or about July 11, 2008, he was informed that he was being removed as "facilitator" for the Native American Group at WCF. Vann claims that he was removed from the position of facilitator in retaliation for filing multiple grievances. (Docket No. 1 at page 33-34). Vann's Eighth Claim is that the defendants are not properly processing his grievances or allowing him to appeal his grievances. (Docket No. 1 at pages 36-40). The plaintiff's Ninth Claim is that his request for a special permit to have a shrine of all his religious items in his cell was denied, at least in part, because he is a Native American. (Docket No. 1 at page 41). His Tenth Claim is based upon the fact that he asserts that the "2009 Special Events Calendar" for WCF only properly listed 3 of the 10 days of observance and ceremonies celebrated by the Native American Group. (Docket No. 1 at pages 43-45). He also asserts that he did not receive a hearing relating to his grievance on this matter but was

"appealing to the next step." (Docket No. 12 at page 45). Finally, Vann asserts that he prepared a purchase request to obtain flour and oil to make fried bread for the Native American ceremonies, and that the purchase request was approved by Deacon Gordon Steinagle. (Docket No. 1 at page 46). It does not appear that Vann received the oil, inasmuch as Vann filed a grievance stating that he was being denied the right to purchase cooking oil from the commissary. (Docket No. 1 at page 46).

**Motion to Compel**

The plaintiff moves to compel the defendants to produce various documents purportedly related to his claims in this matter. (Docket No. 21). It appears that the plaintiff has never served a document request upon the defendants for the documents sought in the motion. (Docket No. 24 at ¶ 3). Instead, in the initial instance, the plaintiff has sought these documents by way of the instant motion. The defendants also note that the plaintiff's requests – which number 243 over 37 pages – far exceeds the limit of 25 requests allowed under Rule 34 of the Local Rules of Civil Procedure for the Western District of New York. Finally, the defendants state that many of the documents requested by the plaintiff are already in his possession and were provided to the plaintiff as part of the Rule 26 disclosure made by the defendants. (Docket No. 24 at ¶ 5 listing 25 categories of documents already produced to the plaintiff).

The motion to compel is denied. The plaintiff is directed to review the documents already produced as part of the Rule 26 disclosure and to exclude such documents from any future document request. The plaintiff may serve a document request in compliance with Rule 34 of the Local Rules of Civil Procedure for the Western District of New York.

**Motion to Extend Time to Depose the Plaintiff**

The defendants have moved for an extension of time to take the deposition of the plaintiff but did not seek to adjust the other dates in the scheduling order. (Docket No. 29). In light of the Court's ruling with respect to the motion to compel, and the fact that the defendants' contended that discovery was needed to determine whether or not the plaintiff had exhausted his administrative remedies, it appears that a short extension of the discovery deadline and remaining pretrial dates is appropriate in this case. The following dates shall apply:

1. All discovery in this case shall conclude on **March 31, 2010**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

2. The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **March 1, 2010**; the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **March 15, 2010.** See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994. All expert discovery shall be completed on or before **March 31, 2010**

3. In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **June 30, 2010.**

4. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(I) shall be filed and served no later than **July 30, 2010**.

5. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

6. A final pretrial conference pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(j) will be held on **August 18, 2010 at 9:00 a.m.** with Judge Skretny.

7. Trial is set to commence on **October 12, 2010 at 9:30 a.m.** before Judge Skretny.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 28, 2010