UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Ernest W. Vann,

         Plaintiff,

                     **Hon. Hugh B. Scott**

                       09CV385
                       Consent
        v.


                       Decision
                       & Order
Fischer et al.,

         Defendants.
_____

  The plaintiff, Ernest W. Vann ("Vann") commenced this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated while incarcerated at the Wende Correctional Facility ("WCF"). Before the Court is the plaintiff's motion to amend the complaint. (Docket No. 39). Also before the Court is the plaintiff's motion for permission to use certain documents at trial (Docket No. 43).

**Background**

  Vann has enumerated 11 claims in his complaint. In his First Claim, Vann alleges that he has been denied the right to practice his Native American religion because he has been denied dance bells, and a ceremonial blanket used in connection with his religious worship. (Docket No. 1, pages 7- 10). Vann states that he submitted a grievance with respect to his request for dance

1

bells and a ceremonial blanket and was advised that the ceremonial blanket would be purchased but that it was up to the individual to purchase dance bells, which would then be the subject of a security review. (Docket No. 1 at page 10). Similarly, in this Second Claim, Vann maintains that he was improperly asked to pay for a butane lighter to be used by the Native American Group[1] "to smudge with for their prayers." (Docket No. 1 at page 11). The plaintiff asserts that the delay in providing the butane lighter and the request that he pay for the lighter constitute intentional religious discrimination. (Docket No. 1 at page 15). Vann's Third Claim is based upon the fact that he was instructed to remove the contents in the "big" locker containing the items used by the Native American Group in their religious ceremonies and put them in a smaller locker. Some of the larger items (i.e. a drum and a pipe) would not fit in the smaller locker and the defendants advised Vann that these items would have to be stored in a back room with items from other groups. Vann argues that this is a violation of his religious rights because the sacred drum and pipe was no longer protected. (Docket No. 1 at page 22). He claims that the treatment of these items constitutes "intentional desecration of Native American Indian religious artifacts." (Docket No. 1 at page 23). Vann also claims that the search of the big locker by corrections officials was improper. (Docket No. 1 at page 22).

The Fourth Claim in the complaint revolves around Vann's attempt to sell candy as a fund raiser for the Native American Group. He wanted to order a case of candy, and then sell the candy to inmates to raise funds. Instead, he was told he would have to pre-sell the candy before the case of candy was ordered. Vann suggests that other religious groups, such a Muslims, do

---

[1] Vann refers to the "Native American Group" in his complaint. It appears that this is comprised of a group of inmates who participate in the Native American religious worship with the plaintiff.

not have to pre-sell candy for such fund raising efforts. (Docket No. 1 at page 24-26). The plaintiff acknowledges that he was advised that WCF had implemented a pre-sale procedure that applied to all inmate groups in fund raising activities. (Docket No. 1 at page 27). After being informed of this requirement, Vann states that he attempted to convert the Native American Group from a fund raising group to a "fulltime religious group." As the basis for his Fifth Claim, Vann asserts that the first form he submitted in this regard was lost and that he was "ignored every time [he] inquired about [the] application to return to a fulltime religious group. (Docket No. 1 at page 28). The plaintiff's Sixth Claim is that Deacon Gordon Steinagle, the Catholic Chaplain at WFC, "stole" money from the Native American account by ordering improper items (apparently without the permission of the Native American Group members). (Docket No. 1 at pages 29-32). As for his Seventh Claim, Van states that on or about July 11, 2008, he was informed that he was being removed as "facilitator" for the Native American Group at WCF. Vann claims that he was removed from the position of facilitator in retaliation for filing multiple grievances. (Docket No. 1 at page 33-34). Vann's Eighth Claim is that the defendants are not properly processing his grievances or allowing him to appeal his grievances. (Docket No. 1 at pages 36-40). The plaintiff's Ninth Claim is that his request for a special permit to have a shrine of all his religious items in his cell was denied, at least in part, because he is a Native American. (Docket No. 1 at page 41). His Tenth Claim is based upon the fact that he asserts that the "2009 Special Events Calendar" for WCF only properly listed 3 of the 10 days of observance and ceremonies celebrated by the Native American Group. (Docket No. 1 at pages 43-45). He also asserts that he did not receive a hearing relating to his grievance on this matter but was "appealing to the next step." (Docket No. 12 at page 45). Finally, Vann asserts that he prepared a

purchase request to obtain flour and oil to make fried bread for the Native American ceremonies, and that the purchase request was approved by Deacon Gordon Steinagle. (Docket No. 1 at page 46). It does not appear that Vann received the oil, inasmuch as Vann filed a grievance stating that he was being denied the right to purchase cooking oil from the commissary. (Docket No. 1 at page 46).

**Motion to Amend the Complaint**

The plaintiff seeks to amend the complaint to assert that he is a member of the Cherokee religion. (Docket No. 39). The plaintiff had previously sought injunctive relief in this case (Docket No. 12). This Court issued a Report & Recommendation that the motion for injunctive relief be denied. That determination was adopted by the District Court (Docket No. 37).[2] In the Report & Recommendation, the Court noted that the plaintiff's reply papers stated for the first time in this litigation that he was a practitioner of the Cherokee Religion. (Docket No. 30 at page 8). It appears that the plaintiff construed this statement as a challenge to whether he is a Native American who practices the Cherokee Religion and has suggested that the defendants "want to raise the issue of plaintiff not being Native American and a [practitioner] of Cherokee Religion." (Docket No. 39 at page 6). The plaintiff asserts that this issue had been previously litigated in Vann v. Barton, Civ. No. 92CV743 in the Western District of New York. (Docket No. 39 at page 6).

The plaintiff does not seek to add new claims or new parties. Much of the instant motion

---

[2] The parties subsequently consented to the jurisdiction of the Magistrate Judge in this case. (Docket No. 38).

cites to paragraphs of a complaint from the plaintiff's prior litigation that are not at issue in the instant case. (Docket No. 39 at ¶¶ 6-11). The plaintiff's claims regarding the defendant's alleged interference with his practice of his religion are stated in the original complaint. Further amendment, as proposed by the plaintiff, is unnecessary. Courts have denied leave to amend where "the additional allegations merely reiterate and embroider the claims ... already presented in the original Complaint, adding little, if anything, of substance to the case." Scottish Air International v. British Caledonian Group, PLC, 152 F.R.D. 18, 30 (S.D.N.Y.1993) (quoting Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir.1991)); see also O'Brien v. Price Waterhouse, 740 F.Supp. 276, 284 (S.D.N.Y.1990) ("mere elaboration and increased verbiage concerning the same core allegations initially put forward" deemed insufficient to warrant amendment); U.S. ex rel. Bane v. Breathe Easy Pulmonary Services, Inc., 2008 WL 343158, at *2 (M.D.Fla., 2008) (Amendment is unnecessary, as the Court has denied Defendants' motions to dismiss, and the new allegations merely bolster plaintiff's existing claim.); Johnson & Johnson v. Guidant Corp., 2010 WL 571814 (S.D.N.Y.,2010)(Plaintiff's original complaint was filed over three years ago. The interest in closing the pleadings and continuing the discovery process outweighs any benefit in allowing Plaintiff to add unnecessary allegations to its existing cause of action. Accordingly, Plaintiff's motion to amend the complaint so as to add new factual allegations against Guidant is denied.).

The motion to amend the complaint is denied.

**Motion to Use Documents at Trial**

The plaintiff has filed a motion for permission to use certain documents at trial (Docket No. 43). This motion is denied without prejudice as being premature. The determination as to the admissibility of documents as evidence is to be made at the time of the trial.

**Scheduling Issues**

The time period for discovery in this case has closed. Dispositive motions are due July 30, 2010. If no dispositive motions are filed, a status conference to set a trial date in this case shall take place before the undersigned on September 7, 2010 at 3:00 before the undersigned.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 21, 2010